UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHRISTOPHER G. GRANT, ) | |
| JOHN B. HUMPHRIES, and ) | |
| STEVEN P. DEGEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:08-CV-332 |
| ) | (PHILLIPS/GUYTON) |
| LAFARGE NORTH AMERICA, INC., and ) | |
| DONALD MARK NATHAN ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court to address the Defendants' Motion to Dismiss for Failure to Cooperate in Discovery [Doc. 19], which has been referred to this Court by order [Doc. 21] of the District Court. The parties appeared before the Court via telephone on August 17, 2009, for a hearing to address the motion. Attorney John Lowery was present representing the Plaintiffs. Attorneys Robert Lombardi and Samuel Zurik were present representing the Defendants.

**I. BACKGROUND**

This case was removed to federal court in August, 2008, and the District Judge entered a scheduling Order in November 2008. The Defendants served discovery requests in February, 2009.

On April 3, 2009, the Defendants filed a Motion to Compel [Doc. 10], seeking responses to the written discovery, which was referred to this Court. Pursuant to the discovery resolution procedure employed in this district, the Court attempted to schedule a telephone conference in this matter on April 21, 2009. While the Defendants were amenable to the times presented, Attorney Lowery, counsel for the Plaintiffs, stated that it was his intention to withdraw as counsel and thought

it was best to delay a telephone conference. The Court agreed to delay the telephone conference and instructed Attorney Lowery to file a motion to withdraw as counsel within thirty days.

On May 27, 2009, this Court scheduled a telephone conference to address Attorney Lowery's failure to file a motion to withdraw within thirty days as instructed by the Court and the other issues in this case. On June 9, 2009, the day of the telephone conference, Attorney Lowery filed his Motion to Withdraw [Doc. 15]. However, the motion did not comply with Local Rule 83.4 by either having the clients join in the motion or properly serving them ten days in advance of the motion. The Court granted Attorney Lowery's oral motion to withdraw the noncompliant motion. However, the Court instructed Attorney Lowery to file an amended motion to withdraw as counsel by June 26, 2009. [Doc. 16]. An amended motion to withdraw was never filed.

After the attempt at resolving the discovery issue via telephone conference failed, the Court considered the merits of the Motion to Compel, which alleged that the Plaintiffs failed to: confer with the Defendants on scheduling discovery, provide initial disclosures, respond to written discovery, or confer in good faith. In an order dated July 1, 2009, the Court found that the Motion to Compel [Doc. 10] was well-taken, and it was granted. The Court ordered that the Plaintiff submit responses to the Defendants' First Set of Interrogatories and Requests for Production of Documents, make their initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and comply with any other outstanding discovery obligations within twenty days of the entry of the order. The Court warned that "[f]ailure to comply with [the] order may be treated as contempt of court, and may result in further just orders designating facts as established, striking pleadings, dismissing this action, or invoking any of the other remedies afforded under Rule 37(b)." The Court reserved ruling on the Defendants' request for fees and costs until after the Plaintiffs and Plaintiffs'

2

counsel were afforded an opportunity to be heard and an opportunity to comply with the order.

Despite the Court's order, the Plaintiffs did not complete their outstanding discovery obligations within twenty days, and on July 28, 2009, the Defendants filed the Motion to Dismiss [Doc. 19], which is now before the Court. The Defendants alleged that the Plaintiffs had failed to comply with this Court's previous order [Doc. 18] because they had not yet served their initial disclosures or responded to the Defendants' First Set of Interrogatories and Request for Production of Documents. The Plaintiffs responded [Doc. 22] on July 31, 2009. The Plaintiffs stated that they had, as of the date of the response, responded to the Defendants' discovery, and the Plaintiffs maintained that dismissal of the action would be an unduly harsh punishment. On August 5, 2009, the Defendants filed a reply [Doc. 24], in which the Defendants alleged that the Plaintiffs' responses were inadequate, and that the answers were unsworn and unsigned by the Plaintiffs. [See Doc. 24]. Further, the Defendants maintained that regardless of any remedial action since the filing of the motion, the Plaintiffs had failed to comply with the orders of this Court on more than one occasion.

During the hearing on August 17, 2009, Plaintiff's counsel, citing the strained relationship between himself and his clients, stated that the Plaintiffs were still seeking new counsel in this case.

## II.     ANALYSIS

Two issues are before the Court. First, the Defendants have moved to dismiss this action based upon the Plaintiffs' failure to cooperate in discovery and failure to comply with the discovery orders issued by this Court. Second, the Defendants' initially requested an award of attorneys' fees and costs in their Motion to Compel [Doc. 10], and they later incorporated this request in their Motion to Dismiss [Doc. 19]. The Court will address each of these requests for relief in turn.

3

**A.    Dismissal or Other Sanctions for Failure to Cooperate in Discovery**

As previously stated, the Defendants move for dismissal of this action, or other alternative sanctions,[1] based upon the Plaintiffs' failure to cooperate in discovery and obey the discovery orders entered by this Court. The Plaintiffs acknowledge that the discovery in this matter has been delayed. However, the Plaintiffs maintain that the delay has been caused by strain on the attorney-client relationship and that dismissal is not warranted by the facts before the Court.

Pursuant to Rule 37 of the Federal Rules of Civil Produce, the Court may dismiss an action, in whole or in part, for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(v). However, the Court of Appeals for the Sixth Circuit has instructed that the sanction of dismissal is "the sanction of last resort." Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994). In determining whether to dismiss an action for failure to cooperate in discovery, a court should consider (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that his conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005).

The Court has considered each of the four factors outlined by the Court of Appeals. The Court finds that all of the factors have been demonstrated, and for the reasons below, the Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE** for Plaintiffs' failure to cooperate in discovery.

---

[1] While the Defendants have primarily and consistently argued for dismissal with prejudice, they have, alternatively, requested lesser sanctions if the Court deems such appropriate. [Doc. 20 at 8-9].

1.  *Prior Warnings*

Initially, the Court finds that the Plaintiffs were explicitly warned that, if they failed to comply with this Court's discovery orders, specifically, the order entered July 1, 2009, harsh sanctions, including dismissal of the action, could result. The Court explained:

> In the time since the filing of this motion, the Plaintiffs and Plaintiffs' counsel have failed to comply with Court instructions and deadlines, and they have thereby interfered with the efficient and timely disposition of this matter. . . .Failure to comply with this Order may be treated as contempt of court, and may result in further just orders designating facts as established, striking pleadings, **dismissing this action,** or invoking any of the other remedies afforded under Rule 37(b).

[Doc. 18 at 3 (emphasis added)]. The Court's admonition clearly identified the punishment and sanctions that could result if the Plaintiffs' continued to disobey the Court's orders and did not fulfill their outstanding discovery obligations. The Court finds that the Plaintiffs were clearly and definitively warned that, if they continued to not cooperate in discovery, dismissal could result.

2.  *Less Drastic Sanctions*

The Court has considered sanctions short of dismissal of this matter. However, the Court finds that any such sanctions would be ineffective. For the last four months, the Court has urged the Plaintiffs to begin cooperating in discovery through a number of measures, which were less drastic than dismissal, but the Plaintiffs continue to disregard their discovery obligations.

Initially, the Court held the Defendants' Motion to Compel in abeyance and attempted to resolve the discovery issues in this matter through a telephone conference. When the Plaintiffs requested that the telephone conference be delayed, the Court agreed to the requested extension of time so that Plaintiffs could substitute counsel. Despite the Court's understanding and extension of time, the Plaintiffs failed to file a motion to substitute counsel, so the Court again attempted to set

5

up a telephone conference. Four hours before the conference was to begin, counsel for the Plaintiffs filed a Motion to Withdraw, which did not comply with the local rules. After the telephone conference, the Court gave Plaintiffs' counsel sixteen additional days in which to file the motion to withdraw, and again he failed to do so. On July 1, 2009, approximately four and a half months after the Defendants propounded their initial discovery, the Court granted the Motion to Compel and afforded the Plaintiffs twenty additional days in which to fulfill their discovery obligations. Again, the Plaintiffs failed to comply or request an extension of time from this Court.

Thus, the Court has attempted to secure the Plaintiffs' cooperation through telephone conferences instead of immediately subjecting the issue to a hearing. On three occasions, the Court has given the Plaintiffs additional time for completing its filings and/or responses, and rather than asking for extensions when it becomes clear that they cannot comply with the deadlines set by this Court, the Plaintiffs simply ignore the deadlines set by this Court. The Court has examined the less drastic sanctions outlined in Rule 37(b), yet the Court finds that any sanction short of dismissal will be ineffective in this case.

*3.     Prejudice*

The Court recognizes that the trial in this matter is currently set for April 27, 2010. Nonetheless, the Court finds that the Defendants have been prejudiced by the delay in this matter because, while the trial date may still be viable, the Defendants have been forced to expend time, money, and other resources addressing the Plaintiffs' delay. As the Court noted in its previous order, "the Plaintiffs and Plaintiffs' counsel have failed to comply with Court instructions and deadlines, and they have thereby interfered with the efficient and timely disposition of this matter." [Doc. 18 at 3]. Since the filing of the Motion to Dismiss, the Plaintiffs have made responses to the

6

Defendants' written discovery. However, the Court has reviewed these responses, and the Court finds that these responses are cursory at best, unsworn and unsigned, and as of the date of the hearing, the Plaintiffs had not made any initial disclosures. Thus, the Plaintiffs continue to prevent this action from progressing toward completion of discovery, filing of dispositive motions, and other trial preparation.

Based on the foregoing, the Court finds that the Plaintiffs' unwillingness to cooperate has prejudiced the Defendants.

*4.  Willfulness, Bad Faith, or Fault*

Finally, the Plaintiffs failure to respond to discovery was willful. The Court of Appeals for the Sixth Circuit "has held that absent a clear record of delay or contumacious conduct, an abuse of discretion occurs if the district court dismisses an action with prejudice." Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980)). In this case, the record of ongoing attempts by this Court and the Defendants to facilitate the completion of discovery demonstrates a "clear record of delay." While the Court is not prepared to say that this conduct was contumacious, the efforts that were made to move discovery along in this case were well-documented. Further, it was well-documented that the Plaintiffs failed not only to comply with deadlines set by this Court but also failed to ask for relief from such deadlines prior to breaking them. Accordingly, the Court finds that there is a "clear record of delay" in this case, and further, the Court finds that the Plaintiffs willfully failed to cooperate in the discovery process.

Based on the foregoing, the Court finds that all of the factors in the test outlined by the Court of Appeals for the Sixth Circuit in Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755 (6 th Cir. 2009) have been demonstrated in this matter. Pursuant to Federal Rule of Civil Procedure

7

41(b), the Court may dismiss an action for failure to comply with the Federal Rules of Civil Procedure or a court order. The Court finds that the Plaintiffs in this matter have failed to comply with the Federal Rules of Civil Procedure and the orders of this Court. Accordingly, the Court may enter an order under Rule 41(b) dismissing this action. See Fed. R. Civ. P. 41(b).

After examining the factors delineated by the Court of Appeals in Lexington-Fayette, the Court finds that dismissal with prejudice is warranted. Accordingly, the Court finds that the Defendant's Motion to Dismiss [Doc. 19] is well-taken, to the extent it requests dismissal of this action, and the Court hereby **RECOMMENDS** that the motion be **GRANTED** as to its request for dismissal or other sanctions and this action be **DISMISSED WITH PREJUDICE**.

**B.     Attorneys' Fees and Costs**

In both their Motion to Compel [Doc. 10] and Motion to Dismiss [Doc. 19], the Defendants move the Court to order that the Plaintiffs pay the attorneys' fees and costs that the Defendants have incurred in attempting to resolve these discovery disputes.

Pursuant to Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, the Court must, after affording the party who necessitated the motion an opportunity to be heard, order that the party pay the movant's reasonable fees and expenses. Similarly, where the Court has found that a party has failed to comply with a discovery order, the Court must order the payment of fees and costs, except where the Court finds that the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

The Court has afforded both the Plaintiffs and the Defendants an opportunity to be heard on this issue, and after considering their positions, the Court finds that the circumstances presented to the Court justify an award of fees and expenses. The Court finds that the Plaintiffs' conduct has

8

Case 3:08-cv-00332-TWP-HBG   Document 26   Filed 08/21/09   Page 8 of 9   PageID #: 230

imposed some amount of expense and cost on the Defendants. Thus, the Court finds that an award of costs and fees is warranted under Rule 37.

Accordingly, the Court finds that the Defendants' Motion to Compel [Doc. 19] to the extent it requests an award of costs and fees is well-taken, and the Court **RECOMMENDS** that the Motion be **GRANTED** as to its request for an award of costs and fees.

### III. CONCLUSION

In sum, the Court **RECOMMENDS**[2] that the Motion to Compel **[Doc. 19]** be **GRANTED** as to its prayer for sanctions and this action be **DISMISSED WITH PREJUDICE**. In addition, the Court **RECOMMENDS** that the Defendants' request for an award of costs and fees, related to its Motion to Compel and Motion to Dismiss, be **GRANTED**, and that the Court give leave to the Defendants to file a properly documented application and affidavit of fees and expenses for the Court's consideration.

                                                                         Respectfully Submitted,

                                                                         s/ H. Bruce Guyton
                                                    United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).