UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHRISTOPHER G. GRANT, <br> JOHN B. HUMPHRIES, and <br> STEVEN P. DEGEN, <br><br> Plaintiffs, <br><br> v. <br><br> LAFARGE NORTH AMERICA, INC., and <br> DONALD MARK NATHAN, <br><br> Defendants. | No. 3:08-CV-332 <br> (PHILLIPS/GUYTON) |

## **REPORT AND RECOMMENDATION**

This matter previously came before the Court to address the Defendants' Motion to Comple [Doc. 10] and Motion to Dismiss for Failure to Cooperate in Discovery [Doc. 19]  On August 21, 2009, the Court entered a Report and Recommendation [Doc. 26] recommending that this case be dismissed and the Defendants be awarded attorneys' fees associated with the costs of bringing the motions related to the Plaintiffs' failure to participate in discovery.  On November 17, 2009, the District Court accepted the Report and Recommendation in whole, [Doc. 30], and referred the matter back to this Court, for determination of the reasonable attorneys' fees and costs to be awarded.

Thus, this case is now before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 31] referring the Defendants' Application for Attorneys' Fees [Doc. 27], the Response of Plaintiffs to Defendants' Fee Petition [Doc. 28], and the Reply in Support of Defendants' Application for Attorneys' Fees [Doc. 29], to this Court for disposition or a report and recommendation as may be appropriate.

In the its previous Report and Recommendation [Doc. 26], the Court reviewed the pertinent

background in this matter, specifically, the Plaintiffs' history of failing to respond to discovery requests and court orders in this matter. [Doc. 26 at 1-3]. It is unnecessary to repeat the history of this matter, as the Court has already found an award of attorneys' fees to be appropriate pursuant to Rule 37 of the Federal Rules of Civil Procedure. [See Doc. 26 at 8-9]. The only remaining issue before the Court is the reasonableness of the amount of attorneys' fees requested by the Defendant.

In their motion, the Defendants request $2,932.50, representing the amount of attorneys' time spent preparing and arguing the Motion to Compel [Doc. 10], and $5,955.00, representing the amount of attorneys' time spent preparing and arguing the Motion to Dismiss [Doc. 19]. In total, the Defendants request an award of $8,887.50. [Doc. 27 at 1]. In support of their motion, the Defendants have filed a sworn, declaration by Attorney Robert P. Lombardi [Doc. 27-1 at 1], attesting to the experience of and reasonable fees charged by the attorneys and a second-year law student, who revised, composed, and argued the Motion to Compel and Motion to Dismiss. Further, the Defendants have provided an Itemization of the time spent by each attorney on the matter. [Doc. 27-1 at 2-4]. This itemization lists the date, length of time, attorney billing, fee charged, and description of any time expended.

In response to the Defendants' initial request, the Plaintiffs filed a short-brief alleging that the Defendants' request is "clearly excessive." [Doc. 28 at 1]. Specifically, the Plaintiffs contend that the amount of time expended composing and revising the motions was excessive. [Doc. 28 at 1-2]. However, the Plaintiffs cite no case law indicating that similar requests have been deemed excessive, nor do the Plaintiffs specifically articulate redundancies or support for their contention that the request is excessive. The Plaintiffs do little more than state that the motions were "not complex," list the hours expended, and then claim that "[b]ecause of the foregoing redundancies and

2

overbilling, the fees claimed should not be granted . . . . [and that] a drastic revision of the claimed fees is appropriate." [Doc. 28 at 2].

In their final reply, the Defendants refer the Court to the lodestar method, the standard for calculating fees in the Sixth Circuit, see Reed v. Rhodes, 179 F.3d 453, 471-72 (6th Cir. 1999). The lodestar method entails multiplying the number of hours reasonably expended by the reasonable hourly rate. D&G Mining Inc. v. Dir. OWCP, 522 F.3d 657, 661 (6th Cir. 2008). The Defendants argue that the amount of time expended on their filings is commensurate with the factual and legal analysis and citations contained therein and the arguments presented. The Defendants argue that using the lodestar method and multiplying their rates charged by the time expended yields a reasonable fee request, in this case $8,887.50.

Initially, the Court finds that the Plaintiffs do not take issue with the rates charged by the various senior attorneys, associate attorneys, and law student, who participated in drafting the discovery-related motions in this matter. Instead, the Plaintiffs' sole contention is that the award requested is based upon an Itemization of fees that contains "excessive billing and redundancies." [Doc. 28 at 1].

The Plaintiffs draw the Court's attention to the number of hours expended in composing the various filings. However, the Plaintiffs offer no support for their contention that these hours are excessive. The Defendants' filing with this Court were thorough and well-reasoned, and required original research and composition. The Itemization provides a sufficient description of each charge. [Doc. 27-1 at 2-4]. After examining the itemization and in the absence of specific and well-supported objections from the Plaintiffs, the Court finds the time expended to be reasonable.

In sum, the Court **RECOMMENDS**[1] that the Defendants' Application for Attorneys' Fees **[Doc. 27]** be **GRANTED**, and that the Defendants be awarded $8,887.50, an award representing the reasonable attorneys' fees incurred in litigating the discovery issues in light of the Plaintiffs' failure to participate in the discovery process and comply with this Court's orders.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).